**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1676-24

SAMANTHA HAWS,

    Plaintiff-Respondent,

v.

JAMESON RODGERS, BCMF, LLC,
SOUTHERN ENTERTAINMENT,
and MOLSON COORS d/b/a
MILLER BREWING COMPANY,

    Defendants-Respondents,

and

SONY MUSIC ENTERTAINMENT,
SONY MUSIC NASHVILLE, and
COLUMBIA NASHVILLE,

    Defendants-Appellants.

_____

Argued October 8, 2025 – Decided October 22, 2025

Before Judges Mayer and Vanek.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Cape May County, Docket No. L-0202-24.

Michaela L. Petersen argued the cause for appellants (McCormick & Priore, PC, attorneys; Philip D. Priore and Michaela L. Petersen, on the brief).

Respondents have not filed briefs.

PER CURIAM

By way of leave to appeal granted, defendant Sony Music Entertainment (Sony) appeals from a December 23, 2024 order denying its motion to dismiss plaintiff Samantha Haws' complaint for lack of personal jurisdiction.[1] We affirm, substantially for the reasons set forth by Judge James H. Pickering.

I.

We recount the salient facts from the motion record. Haws filed a complaint asserting she was hit with a full, unopened beer can that defendant Jameson Rodgers threw from the stage as he was performing at the Barefoot Country Music Festival (the festival) in Wildwood, New Jersey. Haws alleged Sony "solicited, engaged, contracted, retained, hired, requested, sponsored and/or otherwise caused . . . Rodgers to appear, perform, participate, interact, sponsor and/or otherwise be involved and/or associated with the [festival]."

---

[1] Sony Music Entertainment is the parent company for defendants Sony Music Nashville and Columbia Nashville and was substituted by a December 23, 2024, consent order as a defendant in lieu of its subsidiaries.

A-1676-24

Sony moved to dismiss the complaint based on lack of personal jurisdiction. In support of the motion, Sony presented an affidavit from its Senior Vice President of Legal and Business Affairs, Angela Magill, asserting it is neither incorporated in New Jersey nor does it maintain its principal place of business here. Magill's affidavit proffered Sony did not organize, schedule, advertise, pay for or provide security for the festival. Magill also asserted Sony did not have a representative present at the festival or receive any profits from the event.

In opposition, Haws submitted a 2019 press release stating Rodgers signed a record deal with a Sony subsidiary. Haws also included a printout of a Sony website touting Rodgers as a "River House Artists/Columbia Nashville rising star" and detailing Rodgers' involvement with Sony, including some of his 2020 tour dates.[2] Although Sony did not dispute having a contract with Rodgers, it did not provide a copy of the contract to the court.

After hearing counsels' argument, Judge Pickering denied Sony's motion in a December 23, 2024 order. We granted Sony leave to appeal. On March 4,

---

[2] The date on the copy of the website printout is "12/12/24" and bears a "2024 Sony Music Entertainment" designation at the end. The first page of the website printout contains a photograph dated February 18, 2020. The dates referenced on the website refer to Rodgers' then-upcoming 2020 tour beginning on February 28, 2020, with a scheduled end date of April 24, 2020.

2025, Judge Pickering submitted a written amplification pursuant to Rule 2:5-1(b).

In his written amplification, Judge Pickering distilled the jurisdictional issue to whether Rodgers performed at the festival as Sony's agent. Judge Pickering found Haws pleaded "sufficient facts to establish [New Jersey's] specific jurisdiction" over Sony and produced documents evincing Sony had a continuing business relationship with Rodgers, which included recording his music and promoting his concert tours. Citing Haws' proofs, Judge Pickering found limited jurisdictional discovery was appropriate to allow Haws to discover any contracts between Sony, Rodgers, and the festival, among other relevant facts.

Sony's appeal followed.

## II.

## A.

"The issue of personal jurisdiction 'presents "a mixed question of law and fact" that must be resolved at the outset, "before the matter may proceed."'" D.T. v. Archdiocese of Phila., 260 N.J. 27, 41 (2025) (quoting Zahl v. Eastland, 465 N.J. Super. 79, 92 (App. Div. 2020)). Our review of a trial court's factual findings on jurisdiction is limited to determining whether its findings are

supported by substantial, credible evidence in the record. Ibid. (quoting Rippon v. Smigel, 449 N.J. Super. 344, 358 (App. Div. 2017)). However, whether a court has personal jurisdiction over a defendant is a question of law, which we review de novo. Ibid.

B.

"New Jersey courts 'may exercise in personam jurisdiction over a non-resident defendant "consistent with due process of law."'" Pullen v. Galloway, 461 N.J. Super. 587, 596 (App. Div. 2019) (quoting Bayway Refining Co. v. State Utils., Inc., 333 N.J. Super. 420, 428 (App. Div. 2000)). Due process requires a defendant to have "certain minimum contacts" with the forum, so the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

Since the parties agree Sony is not subject to New Jersey's general jurisdiction, our review is cabined to the issue of specific jurisdiction. For New Jersey to exercise specific jurisdiction over a nonresident defendant, they must have "purposefully availed [themselves] of the privilege of conducting activities" in New Jersey. Hanson v. Denckla, 357 U.S. 235, 253 (1958). A plaintiff's claims also must "arise out of or relate to the defendant's contacts with

5

the forum" to warrant the exercise of specific jurisdiction. Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct., 592 U.S. 351, 359 (2021) (quoting Bristol-Myers Squibb Co. v. Super. Ct. of Cal., 582 U.S. 255, 262 (2017) (internal quotation marks omitted)). To this end, a plaintiff bears the burden of proof to "allege or plead sufficient facts with respect to jurisdiction" and such allegations or pleadings must be stated "with specificity." Blakey v. Cont'l Airlines, Inc., 164 N.J. 38, 71 (2000).

III.

We review Sony's contentions under this lens. Sony posits Judge Pickering erred in denying its motion because Haws did not allege the factual basis for specific jurisdiction with adequate detail. Alternatively, Sony contends it proffered sufficient evidence rebutting Haws' jurisdictional assertions and, therefore, no jurisdictional discovery is necessary.[3]

We discern no error in Judge Pickering's finding that Haws made a sufficient prima facie showing of specific jurisdiction, warranting the denial of Sony's motion. Haws' affidavit and proofs establish a business relationship between Sony and Rodgers related to live performances. Sony does not deny a

---

[3] Sony relies only on its brief in support of its motion for leave to appeal and did not timely submit a separate merits brief for our consideration.

A-1676-24

relationship with Rodgers or that it would be subject to specific jurisdiction if Rodgers was acting on Sony's behalf at the time Haws was injured. Although Sony asserted its non-involvement with the festival through Magill's affidavit, we discern no error in Judge Pickering's factual finding that Sony failed to sufficiently address its role in Rodgers' performance.

Because Sony filed its dismissal motion prior to any discovery, Haws had limited information about the relationship between Sony and Rodgers. "Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous." Rippon, 449 N.J. Super. at 359 (quoting Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003)). Since Haws' claim for damages resulting from personal injuries at the festival was not frivolous, we are unpersuaded that permitting discovery to allow Haws to determine whether New Jersey may exercise specific jurisdiction over Sony warrants reversal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1676-24